No. 477
HOWELL v. HARTWELL et al
No. 18529. Ohio Supreme Court
Pending on motion to direct Lake Court of Appeals to certify record.
1271. WILLS—Contest of—Reversal of judgment in proceedings in error.

The plaintiff, Addie M. Howell, brought action in the Lake Common Pleas to contest the will of Henry F. Smart, aged 80 years, which was made April 17, 1920, and the codicil, which was added six days later. Smart died on Sept. 4, 1920, after a short illness, leaving an estate of not less than $30,000. Smart never married, and his only heirs were some 16 first cousins and some 10 first cousins once removed.

At the trial, the jury sustained the will and codicil, and the Court of Appeals affirmed the case, holding that while they found some errors in the 1800 page record, yet the testimony would not warrant setting aside of the will, and that substantial justice had been done.

(Continued on Page 490)

## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 478

BURKHART v. WAYNE COAL CO. et al

Ohio Appeals, 7th Dist., Jefferson County

Decided May 24, 1924

285. CONSPIRACY—In the absence of the element of malice the members of a combination for the purpose of furthering their own fair interest or advantage are not liable for any injury which is merely accidental.

1177. TORTS—A third party is not liable for tort in securing a contract for property already under contract, for the purpose of his own gain, without making any fraudulent representations regarding the other contracting party.

POLLOCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Burkhart obtained options upon certain coal lands of several of the defendants. Options were exercised before they expired and subsequently Burkhart entered into a contract to sell the lands to the Wayne Coal Co. Later the Coal Co. purchased the lands direct from the owners. Thereupon, Burkhart brought this action alleging that the Coal Co. and the land owners conspired together to defeat and defraud him out of his rights under the contract. The court directed a verdict in favor of the defendants and error is prosecuted to reverse the judgment. In affirming the judgment the Court of Appeals held:

1. That in the absence of malice or collusion the land owners were not liable for selling the land to the coal company.

2. That the Coal Co. is not liable for tort in purchasing the property already under contract, in the absence of any fraudulent representations, as to the first contracting party, in order to induce a violation of the contract.

Attorneys—Not stated.

No. 479

McGUGIN v. REES

Ohio Appeals, 5th Dist., Knox County

No. 198. Decided Feb. 16, 1924

367. DEEDS—Parol evidence to contradict the recitation in a deed of consideration is inadmissible where the only purpose of such parol evidence is to affect or change the course of descent.

409. DISTRIBUTION AND DESCENTS— In order for an estate to be ancestral it must come directly from an ancestor without consideration other than blood.

HOUCK ,J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Daniel McGugin died intestate seized in fee simple of a farm, leaving two children, Charles and the defendant, Neva Rees. She thereafter quit-claimed the undivided one-half of the farm to her brother. Charles. The consideration clause stated "in and for a good consideration to me paid by Charles K. McGugin." Charles then died, leaving the plaintiff, his widow, and only surviving heir-at-law. The plaintiff claims that the undivided half conveyed by the quit-claim deed is not ancestral property and that she is therefore entitled to it in fee simple. On appeal, the Court of Appeals dismissed the petition of the plaintiff and found for the defendant, holding:

1. That parol evidence is not admissible to contradict the recitation of consideration in the deed for the purpose of changing the course of descent.

2. The conveyance is for "a good consideration" and is from sister to brother, thereby impressing upon the title the character of a deed of gift.

3. In order for an estate to be ancestral, it must come directly from an ancestor without consideration other than blood. If it comes otherwise, it is not ancestral property.

4. Under the provisions of Section 8573, GC., the fee vests in the defendant, Neva Rees, subject to the life estate of the plaintiff.

Attorneys—Paul M. Ashbaugh and L. C. Stillwell, for McGugin; Walter J. Sperry, for Rees; all of Mt. Vernon.

No. 480

LEVY v. LEVY OVERALL MFG. CO.

Ohio Appeals, 1st Dist., Hamilton County

No. 2301. Decided Jan. 28, 1924

Docketed in Supreme Court, No. 18609, May 24, 1924, 2 Abs. 321.

313. CORPORATIONS—Receiver of entitled to distribution of proceeds of trusteed life insurance policy, to be administered as assets.

Motion to Certify Overruled

CUSHING, J.
Heard on Appeal. Epitomized Opinion.
Published Only in Ohio Law Abstract

The board of directors of the Levy Overall Manufacturing Co. passed the necessary reso-

lution to amend its articles of incorporation to increase its capital stock, and issue $100,000 par value, preferred stock. It entered into a contract with A. E. Aub & Co. to sell the preferred stock. It took out four policies of life insurance on the life of Samuel Levy, its president, aggregating $105,000, and paid the premiums thereon. It executed a declaration of trust to the First National Bank of Cincinnati, and had the policies duly assigned to it as trustee to hold and distribute according to said declaration of trust. The instrument of trust and assignment of the policies were dated February 28, 1920. At that time the company was solvent.

December 21, 1921, the company was insolvent. May 27, 1922, a receiver was appointed and June 12, 1922, was directed to wind up its business. Pursuant to an order of court the receiver sold the business as an entirety. The sale was confirmed.

When the 1922 premiums on the policies became due, the trustee was directed to accept the cash surrender value of the policies, and deliver same to the insurance companies. The bank thus received and now has $8,200. The question for determination here is the disposition of said sum. Is it the property of the preferred stockholders, or a part of the assets of the company?

The Code of Regulations of the company, the contract with A. E. Aub & Co., and the declaration of trust all contained the following provision:

"The proceeds of such policies in the event of the death of Samuel Levy, are to be used for the retirement of the preferred stock, and the preferred stock shall be retired in the event of such death, even if the amount collected on said policies does not equal the redemption price of the preferred stock."

The declaration of trust contained the additional provision that:

"In the event of the death of said Samuel Levy, while said preferred stock is outstanding, the policies of insurance are to be collected and the proceeds applied to the redemption of the preferred stock."

The Court of Appeals held that purchasers of the preferred stock will be presumed to have known of the contract with Aub & Co. and provisions stated. The language of the contract is plain and unambiguous, and so far as their rights in said policies are concerned, they must be determined by said contract and declaration of trust.

That neither the code of regulations of the company, the contract, nor the declaration of trust contemplated or attempted to make provision for the retirement of the preferred stock in case of insolvency.

That it was plain that it was in the event of the death of Samuel Levy that the proceeds of the policies were to be collected and applied to the redemption of the preferred stock.

In view of the plain provisions of the contract and the declaration of trust, our conclusion is that the $8,200 should be turned over to the receiver and by him administered as a part of the assets of the company.

Attorneys—Murray Seasongood and L. A. Jaffe, for Samuel Levy; Chas. M. Leslie and H. C. Bolsinger, for the Company; all of Cincinnati.

---

No. 481

## WERTHEIMER and WERTHEIMER v. LAST

Ohio Appeals, 1st Dist.

No. 2367. Decided Feb. 25, 1924

661. INTOXICATING LIQUORS—Sale of warehouse receipts—Refund of taxes paid upon release of from bond.

See also Neurad v. Wertheimer, page 488.

Heard on error to Hamilton Court of Common Pleas.

Matthias Last, on or about June 24, 1920, purchased through the Consolidated Brokerage Co. warehouse receipts issued by the plaintiffs in error, defendants below, for 650 cases of Pogue's Old Time Whiskey and 550 cases of Spring Hill Whiskey.

The receipts are similar and contained a provision as follows:

"Subject to delivery only on return of this receipt and upon payment of all charges due thereon, and upon payment of government and all other taxes. Stored at owner's risk at the distillery."

Twelve hundred cases of whiskey were shipped to said Last, in July or August, 1920. The plaintiffs in error contend that the whiskey was sold for a flat price, called a tax-paid price, that is, at so much per case, all taxes having been paid by them.

Last contends that the goods were sold in bond, the amount quoted included the price asked for the whiskey and the taxes which were to be paid by the holder of the warehouse receipts at the time the whiskey was to be released.

The taxes were paid, the whiskey released, and shipped as above stated, and, thereafter a portion of the taxes known as the Vance Tax, payable to the State of Kentucky, was declared unconstitutional by the U. S. Supreme Court, Feb. 28, 1921, and 44 cents per gallon was ordered refunded to those who had withdrawn such whiskey from bond. Last, as holder of the warehouse receipts when the whiskey was taken out, claims that he is entitled to this refunder. The present action was to recover the amount, and was

## STATE COURT OF APPEALS—Continued

for money had and received. The Court of Appeals held:

From the record in this case it seems clear that these warehouse receipts were issued, and the whiskey sold subject to the payment of the taxes, when it was ordered out.

It also appears that Last, the holder of the warehouse receipts, was the owner of the whiskey, but could not withdraw it until the tax had been paid, and that he is the one who secured the permits and ordered the whiskey withdrawn from bond.

It is admitted that the money, in the exact amount of the State and Federal taxes, then chargeable, was on both lots of whiskey sent by Last to the Wertheimers, and received by them. Both the Spring Hill and the Fortuna shipments were taken out and shipped to Last in July or August, 1920, and as the Vance tax was not declared unconstitutional until Feb. 28, 1921, the taxes must have been paid before the cases of whiskey could be taken out.

It is admitted in the record that a refund of 44 cents per gallons was made to the Wertheimers on the 1650 gallons contained in the 550 cases of Spring Hill Whiskey. This should have been returned to Last. To this extent, the judgment of the court below was correct.

As to the refund on the Fortuna whiskey, the record does not show that this money was ever returned to the Wertheimers. They denied the receipt of it, and attempted to introduce evidence to the effect that they purchased it from others. and had never received any refund. This testimony was excluded by the trial court. However, the taxes must have been paid prior to the shipping out of the goods, as at that time the Vance tax had not been declared unconstitutional. The burden was then upon the plaintiff below, Mathias Last, to show that L. & E. Wertheimer received the taxes refunded. As the proof failed in this regard, the court should have excluded it from the jury.

A verdict was directed by the court on motion of both parties.

The Court of Appeals modified the judgment, and held that the plaintiff is entitled to the amount of the refund, 44 cents per gallon, on the 1650 gallons of Spring Hill Whiskey, with interest on the same, as provided in the judgment below. No recovery can be had on the taxes for the Fortuna whiskey, because of failure of proof, as above stated, that the money was not shown to have been received by the Wertheimers.

Attorneys—Harmon, Colston, Goldsmith & Hoadley, for plaintiffs; W .F. Fox, for Last; all of Cincinnati.

No. 482
NEURAD v. WERTHEIMER et al
Ohio Appeals, 1st Dist, Hamilton County
No. 2340. Decided March 10, 1924
INTOXICATING LIQUORS—Payment of tax levy on whiskey in bonded warehouse.
PER CURIAM.
Error to the Court of Common Pleas of Hamilton County

The original action was in the Cincinnati Municipal Court, where judgment was for the defendants. That judgment was affirmed by the Court of Common Pleas, and error proceedings are prosecuted to the Court of Appeals.

The question presented is as to the ownership of a sum of money originally paid on account of the Vance Tax, levied by the State of Kentucky on whisky in bonded warehouses, which money was later refunded when the said tax was declared unconstitutional.

The questions in this case are similar to those discussed in the case of Wertheimer v. Last, page 487, this paper, where it was held that the sales were made subject to payment of the tax, by the holder of the warehouse receipts at the time the whisky was ordered out. The view expressed in that case requires a reversal of this cause on the weight of evidence.

As there will be a retrial, we shall not further comment on the evidence.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, will be reversed, and the cause remanded to the Municipal Court for a new trial.

Attorneys—E. H. Brink and W. F. Fox, for Neurad; Harmon, Colston, Goldsmith & Hoadly, for Wertheimer; all of Cincinnati.

No. 483
MILLER v. STATE
Ohio Appeals, 7th Dist., Mahoning County
March 21, 1924
333. CRIMINAL LAW AND PRACTICE—An affidavit charging a person with the commission of an offense need not be made by one having personal knowledge of the facts.
ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This case and that of Smith v. State were tried together in the Mayor's Court, where Miller and Smith were convicted of selling and delivering intoxicating liquor to one Collins. Error was prosecuted by defendants, who contended that since the affidavits, on the filing of which the warrants were issued, were made by one Conrad who was dead and who had no

personal knowledge of the facts therein stated. That the said Conrad would not be a competent witness and was not qualified or authorized by law to make the affidavits and that the proceedings were therefore void. A paragraph in Ruling Case Law was cited to the effect that an affiant in a affidavit must be a person having personal knowledge or be competent to be a witness. The Court of Appeals held:

The authority cited has application to civil matters, and none to criminal cases or matters such as are involved in this case. There is no restriction found in 13469 GC. to the effect that persons making the affidavit must have personal knowledge or even be competent witnesses. If such were the rule justice would be seriously impeded. The contention of defendants is not well taken. The judgments, not being against the decided weight of the evidence, will be affirmed.

Attorneys—Leo S. Wilkoff, for Miller and Smith; H. H. Hull and E. R. Zieger, for State; all of Youngstown.

---

No. 484

HOWLE v. FRY

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5036. Decided May 9, 1924

923. PLEADINGS—If petition sets forth a cause of action, a judgment thereon will be sustained, although the theory of the action is mistaken by the pleader.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Municipal Court of Cleveland wherein Wendel J. Fry was plaintiff and Florence A. Howle was defendant. Fry purchased from Howle the lease of a rooming house, together with the furnishings and good will. Immediately after the sale, Howle approached a number of roomers and urged them to leave, telling them all kinds of evil rumors about Fry; that the woman Fry lived with was neither his wife nor his sister, and that he would keep a bad house. As a result, when Fry took possession there were only two roomers left and the good will of the place was destroyed. The action was for slander and contained four causes of action. In the Municipal Court, judgment was rendered for Fry for $1,800. Howle prosecuted error. Held by the Court of Appeals:

All of the causes of action might well have been condensed into one. While the action was in slander, it does not contain averments sufficient to make out an action in slander, but it does state facts which show that Howle's conduct destroyed the good will of the business, which was a thing of value, and that Fry

was damaged thereby. There is no error of substantial merit and the judgment is affirmed.

Attorneys—John A. Eldon, for Howle; Gilbert Morgan, for Fry; all of Cleveland.

---

No. 485

HALBMAN v. STATE

Ohio Appeals, 4th Dist., Wood County
No. 307. Decided June 2, 1924

480. EVIDENCE—Sec. 12694 GC. does not require authentication of certificate to practice medicine, to make it admissible.

CHITTENDEN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Halbman was convicted before a Justice of the Peace of practicing medicine without having obtained a license to do so. The justice imposed a fine of $50.00 and costs. Error was prosecuted to Common Pleas, which court reversed the judgment and remanded the case for a new trial. Thereupon, error was prosecuted to this court. He insisted that he was entitled to final judgment, as the record failed to disclose any evidence tending to prove that he did not have a certificate to practice medicine. The bill of exceptions contained as an exhibit offered and received in evidence a certificate of the Secretary of State Medical Board, reciting that Halbman had no certificate to practice medicine.

It is contended that the exhibit is not authenticated in such manner as to make it competent in evidence, as there is no evidence disclosing who is in fact the Secretary of the Board and no evidence that the signature is genuine. The Court of Appeals, affirming the judgment of the Justice of the Peace, held:

That paragraph 12694 GC. makes no provision for any authentication of the certificate other than the signature of the Secretary and affixing of the official seal of the Board and that the certificate was properly admitted in evidence.

Attorneys—Charles P. Carroll, for Halbman; Ray D. Avery, Pros. Atty., for State; all of Bowling Green.

---

No. 486

DIETZ v. MILLER

Ohio Appeals, 5th Dist, Williams County
No. 133. Decided June 2, 1924

1157. TAXATION—Sales agent for wholesale company not liable for cigarette tax required by 5894 GGC.

RICHARDS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action to enjoin collection of tax assessed under Sections 5894 and 5898 GC. Miller

## STATE COURT OF APPEALS—Continued

is County Auditor. Dietz was a sales agent for Neubert-Schroeder Co., which was engaged in the wholesale cigarette business in the city of Toledo, which company pays a tax in Lucas county. Dietz received goods on consignment from that company and disposed of them as agent for the company. After trial in the Common Pleas Court the case was appealed and decree for plaintiff rendered, holding:

1. That Dietz was no more than an agent on commission for the owner of the property and not subject to the tax.

Attorneys—Charles E. Scott and H. H. De Muth for Dietz; W. H. Shinn, Pro. Atty., for Miller; all of Bryan.

---

No. 487

ROSENKRANTZ v. WEST et al

Ohio Appeals, 5th Dist., Knox County

No. 145. Decided Oct. 19, 1923

297. CONTRACTS—Where no time for performance is definitely set in the contract, it is presumed that it is intended to be within a reasonable time.

1229. VENDOR AND PURCHASER — Payment or tender of purchase price, after two years, is not within a reasonable time.

HOUCK, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

Action for specific performance of contract and for the execution and delivery of a deed. West in 1917 agreed to sell certain real estate to Rosenkrantz for $100. Rosenkrantz took possession and paid $10 towards purchase price. The plaintiff contended that no specified time in which he was to make payments for the real estate was agreed upon. West denies this and testified that the payments were to be made $25 down and $25 thereafter each three months. West, on the 29th day of September, 1919, sold and conveyed the premises to the defendants, Wilmottes. The testimony was conflicting but the undisputed evidence was that no payment or tender had been made by Rosenkrantz to West upon the purchase price of the lots for more than two years On appeal from the Knox Common Pleas, the Court of Appeals dismissed the plaintiff's petition and entered judgment for the defendant, holding:

1. Where no time for performance is definitely set in the contract, the presumption is that performance is to be made within a reasonable time. A period of more than two years for offer or tender of payments is not within such time as would come within the rule of payment or tender of payment "within a reasonable time."

Attorneys—B. E. Sapp and L. C. Stillwell, for Rosenkrantz; J. B. Graham and Columbus Ewalt, for West et; all of Mt. Vernon.

---

No. 488

EYMAN v. MEULLER

Ohio Appeals, 8th Dist., Cuyahoga County

No. 4999. Decided May 2, 1924

1283. WORKMAN'S COMPENSATION— 1. Sec. 12993 GC. prohibits employment of male children under 15 years.

2. Sec. 1465-61 GC. excludes a contract entered into in violation of this positive prohibition.

3. Acceptance of compensation is no defense to action for injuries sustained by such minors.

LEVINE, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

The question involved in the case was largely one of fact as to the soundness of the testator's mind, and a single question of law was presented. The plaintiff asked to have a reversal of the case claiming that it was warranted under 11364 GC. governing the reversal of judgment in proceeding in error in civil cases.

She also claimed that she was deprived of substantial right to a jury trial case, as the trial court excluded from the jury evidence which it is claimed would have impeached one witness, but the Court of Appeals held that the evidence excluded would not have justified a verdict setting aside the will or codicil.

Attorneys — Scott & Bissell, Cleveland, Gibling & Gibling, Painesville, for Howell; Alvord & Blakely, and Judge C. H. Nye, Painesville, for Hartwell et.

